United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 2, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-51166
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRYAN ASHLEY BOWEN, also known as "BB",

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC Nos. A-03-CV-489-SS
A-02-CR-74-ALL-SS
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Bryan Ashely Bowen, federal prisoner # 28585-180, appeals the district court's denial of his 28 U.S.C. § 2255 motion challenging his guilty-plea conviction for conspiracy to possess with intent to distribute cocaine, methamphetamine, and MDMA, and possession of a semi-automatic weapon in furtherance of a drug-trafficking crime. Bowen contends that his attorney provided ineffective assistance by failing to object to the enhancement of his sentence for being a career offender.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We previously ordered Bowen's attorney to supplement the record with the rearraignment transcript and ordered both parties to provide supplemental briefing addressing the validity and applicability of the waiver provision in Bowen's plea agreement. On appeal, Bowen does not contest the validity of the waiver provision, but rather asserts that it should be construed to except challenges on the basis of ineffective assistance due to the district court's admonishment at rearraignment.

Bowen did not object to any FED. R. CRIM. P. 11 error before the district court.  Given the explicit terms of the waiver provision in the plea agreement, the Government's iteration of those terms at rearraignment, the thorough nature of the district court's admonishment that the waiver would bar Bowen from later revisiting his sentence, and Bowen's failure to assert that he was misled by any misstatement by the district court regarding the exceptions to the waiver, he has not established plain error. See United States v. Vonn, 535 U.S. 55, 59 (2002); United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc). Therefore, the appeal waiver provision is binding, and we DISMISS the appeal for lack of jurisdiction.  See United States v. Martinez, 263 F.3d 436, 438 (5th Cir. 2001).